J-S54043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROGER FAIR, | : | |
| | : | |
| Appellant | : | No. 202 WDA 2016 |

Appeal from the PCRA Order January 13, 2016
in the Court of Common Pleas of Butler County,
Criminal Division, No(s): CP-10-CR-0000480-2004

BEFORE:  BENDER, P.J.E., OTT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 30, 2016**

Roger Fair ("Fair") appeals, *pro se,* from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On October 7, 2004, Fair entered a plea of *nolo contendere* for multiple crimes.  On December, 21, 2004, the trial court sentenced Fair to an aggregate prison term of eighty-four to two-hundred forty months.  Fair did not file a direct appeal.

On July 23, 2015, Fair filed the instant PCRA Petition, his first.  The PCRA court appointed Fair counsel. Subsequently, Fair's counsel filed a Petition to Withdraw and a **Turner/Finley**[1] "no-merit" letter.  The PCRA court granted the Petition to Withdraw.  On December 11, 2015, the PCRA court entered a Pa.R.Crim.P. 907 Notice of Intent to Dismiss.  Thereafter,

---

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

the PCRA court dismissed Fair's PCRA Petition as patently untimely, after which Fair filed a timely Notice of Appeal.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, a defendant must file any PCRA petition within one year of the date that the judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking review." **Id.** § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Fair's judgment of sentence became final on January 20, 2005, when the time to seek review with this Court expired. **See** Pa.R.A.P. 903(a).

Fair had until January 20, 2006, to file a timely PCRA petition. Therefore, Fair's July 2015 PCRA Petition is facially untimely.

However, in the event that a petition is not filed within the one-year time frame, the PCRA provides three timeliness exceptions. *See* 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Any PCRA petition invoking one of these exceptions shall be filed within sixty days of the date the claim could have been presented. *See id.* § 9545(b)(2).

Here, Fair invokes the newly recognized constitutional right exception based on the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). Brief for Appellant at 7, 9-14, 17, 19-20. In *Alleyne*, the Supreme Court held that any fact that increases the sentence for a given crime must be submitted to the jury and found beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2155. The Supreme Court reasoned that a Sixth Amendment violation occurs where these sentence-determinative facts are not submitted to a jury. *Id.* at 2156. Fair argues that his mandatory minimum sentence under 42 Pa.C.S.A. § 9718 is, therefore, illegal based upon *Alleyne*. Brief for Appellant at 10-14.

Here, Fair filed the instant PCRA Petition on July, 23, 2015, well over sixty days after June 17, 2013, the date that *Alleyne* was decided.[2] *See* 42

---

[2] Fair claims that his Petition is timely because he filed it within sixty days of the decision rendered in *Commonwealth v. Hopkins*, 117 A.3d 247 (Pa. 2015). However, *Hopkins* was decided on direct appeal, and did not state that *Alleyne* applies retroactively. Thus, Fair's reliance on *Hopkins* to invoke the third exception is misplaced.

Pa.C.S.A. § 9545(b)(2); *see also Commonwealth v. Boyd*, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that "[w]ith regard to an after-recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision.").

Even if Fair had properly invoked the exception at section 9545(b)(1)(iii), the rule established in *Alleyne* does not apply retroactively where the judgment of sentence is final. *See Commonwealth v. Miller*, 102 A.3d 988, 995 (Pa. Super. 2014) (stating that neither the United States Supreme Court nor the Pennsylvania Supreme Court has held that *Alleyne* applies retroactively where the judgment of sentence has become final); *id.* (stating that although *Alleyne* claims implicate the legality of sentence, courts cannot review a legality claim where the court does not have jurisdiction). Because Fair failed to meet the requirements of the third timeliness exception, the PCRA court properly dismissed Fair's PCRA Petition.[3]

Order affirmed.

---

[3] To the extent that Fair argues that *Alleyne* represents a newly-discovered fact, we note that judicial decisions cannot "be considered newly-discovered facts which could invoke the protections afforded by section 9545(b)(1)(ii)." *Commonwealth v. Cintora*, 69 A.3d 759, 763 (Pa. Super. 2013).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/30/2016